United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Nathaniel Basola Sobayo, et al., | NO. C 09-00615 JW |
| Plaintiffs, | **ORDER GRANTING DEFENDANT CHASE HOME FINANCE, LLC'S MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| Chase Home Finance, LLC, et al., | |
| Defendants. | |

Presently before the Court are Defendant Chase Home Finance, LLC's ("Chase") Motion to Dismiss and Plaintiffs' Motion for Summary Judgment against Defendant Countrywide Home Loans, Inc. ("Countrywide").[1] Plaintiffs, proceeding *pro se*, bring this action alleging, *inter alia*, that Defendants Chase and Countrywide, (collectively, "Defendants") violated their constitutional rights, breached oral and written contracts and engaged in fraud.

The Court found it appropriate to take this matter under submission without oral argument. See Civ. L.R. 7-3(b). Based on the papers submitted to date, the Court GRANTS Defendant Chase's Motion to Dismiss with leave to amend, and DENIES Plaintiffs' Motion for Summary Judgment.

---

[1] (Chase Home Finance, LLC's Memorandum of Points and Authorities in Support of Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, hereafter, "Chase Motion," Docket Item No. 8; Motion for Summary Judgment Against Defendant Countrywide for Refusal to Answer Complaint and Summons, hereafter, "Plaintiffs' Motion," Docket Item No. 16.) Defendant Countrywide joins in Chase's Motion to Dismiss. (Countrywide Home Loans, Inc.'s Joinder in Motion to Dismiss, Docket Item No. 15.) Plaintiffs filed a timely Opposition. (Opposition to Notice of Motion and Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, hereafter, "Opposition," Docket Item No. 12.)

**A.     Background**

On December 5, 2008, Plaintiffs filed this action in the Superior Court of California for the County of Santa Clara. (Notice of Removal, Ex. A, hereafter, "Complaint," Docket Item No. 1.) In their Complaint, Plaintiffs allege three causes of action. With respect to their First Cause of Action, Plaintiffs identify their claim as one for

> REAL ESTATE FRAUD, FOR SABOTAGE OF PURCHASE AND SHORT SALE AGREEMENT AND OR CONTRACT WITH [PLAINTIFFS], FOR SPECIFIC PERFORMANCE, AND INJUNCTION TO PREVENT THE SALE AND LOSS OF PROPERTY, UNTIL ALL CONFLICTS AND ISSUES ARE RESOLVED, FOR BREACH OF ORAL AND WRITTEN CONTRACT AND AGREEMENT, FOR BREACH OF FIDUCIARY RESPONSIBILITIES AND LAWS, FOR NON-DISCLOSURES OF INTENTS, DAMAGES FOR BREACH OF SELLER-BUYER CONTRACTS, CANCELLATION OF INSTRUMENTS, SLANDER OF TITLE, AND DAMAGES FOR HARRASSMENTS [sic], SUPPRESSIONS, OPPRESSIONS, PREJUDICES, AND DISCRIMINATIONS AGAINST PLAINTIFFS, AND VIOLATIONS OF SERIES [sic] OF CIVIL RIGHTS AND FEDERAL AND CALIFORNIA STATE CONSTITUTIONAL RIGHTS.

(Complaint at 2 (emphasis in original).) Plaintiffs further allege that

> [P]laintiffs and [Defendants] entered into various oral agreements and written agreements whereby [P]laintiffs and [Defendants] agreed to resolve a real estate property issues and disputes [sic], involving a FORECLOSURE SALE DATE OF DECEMBER 09, 2008, AND OR AN ON GOING SHORT-SALE TRANSACTION, RELATED TO A PROPERTY IDENTIFIED AS 6144 W. AVENUE, J-10, LANCASTER, CALIFORNIA 93536-0000.

(Id. ¶ 5 (emphasis in original).) With respect to Plaintiffs' Second Cause of Action, Plaintiffs bring a claim for money had and received, alleging that "[o]n or about November 1, 2008, [D]efendants have been apparently determined to destroy the lives of Plaintiffs, as will be proven to the Court . . . ." (Id. ¶ 11.) Finally, with respect to Plaintiffs' Third Cause of Action, Plaintiffs bring a claim for fraud, alleging as follows:

> Throughout this year 2008, [D]efendants and each of them represented to [P]laintiffs, that they would use their best efforts to bring about a successful SHORT-SALE TRANSACTION OF THE SUBJECT PROPERTY TO PLAINTIFFS AS MUTUALLY STIPULATED, AND AS COMMON SENSES DICTATE, AS HUMAN TRADITIONS DICTATE, AS THE LAWS OF THE LAND DICTATE, IN ALL HUMAN RATIONAL, ETHICAL, MORAL, AND COMPASSIONS DICTATE; AND IN THE ALTERNATIVE WORKOUT A REASONABLE AND AFFORDABLE LOAN MODIFICATIONS [sic], IN PRINCIPAL AMOUNTS REDUCTIONS, INTEREST RATE REDUCTIONS, AND AFFORDABLE MONTHLY PAYMENTS, MORE ESPECIALLY IN LIGHT OF THE CURRENT STATE OF THE ECONOMY OF THE USA, AND OF THE WORLD AT LARGE.

> These representations were false and defendants knew the falsity of these statements at the time they were made.

(Id. ¶ 14 (emphasis in original).)

On February 11, 2009, Defendant Chase removed this action to federal court pursuant to 28 U.S.C. §§ 1331 and 1441(b). (Notice of Removal at 3.)

**B.** **Defendant Chase's Motion to Dismiss**

Defendant Chase moves to dismiss Plaintiffs' Complaint on the ground that it merely recites a series of unintelligble and conclusory allegations. (Chase Motion at 1.)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533- 534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

Here, to the extent Plaintiffs' allegations are comprehensible, each cause of action appears to be premised on an obligation owed to Plaintiffs by Defendants to prevent a foreclosure sale on property located in Lancaster, California. However, Plaintiffs' Complaint fails to allege an adequate basis for Defendants' purported obligation. Instead, the Complaint repeats a series of conclusory

3

allegations, vaguely asserting that the parties entered into "various oral and written contracts" that were breached when Defendants withdrew the property from the real estate market and planned to proceed with a foreclosure sale. (See Complaint ¶¶ 5, 7, 14.) Plaintiffs further provide a litany of claims that consist entirely of labels, including "real estate fraud," "breach of fudiciary [sic] responsibilities," and "violations of . . . civil rights," for which there are no corresponding factual allegations. (Id. at 2.)

Under Twombly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (internal quotation marks and citations omitted). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 556 (citations omitted).

In reviewing the above allegations and the totality of Plaintiffs' Complaint, the Court finds that Plaintiffs have failed to adequately state a claim for relief. Accordingly, the Court GRANTS Defendant Chase's Motion to Dismiss.[2]

**C.     Plaintiffs' Motion for Summary Judgment**

Plaintiffs move for summary judgment against Defendant Countrywide on the ground that Countrywide has failed to respond to the Complaint.[3] (Plaintiffs' Motion at 1.) Since summary judgment under Fed. R. Civ. P. 56 would be inappropriate at this stage of the case, the Court treats Plaintiffs' Motion as a request for the entry of default as to Defendant Countrywide.

---

[2] Plaintiffs request that the Court delay disposition on Chase's Motion until Plaintiffs have an opportunity to obtain counsel. (Opposition at 2.) However, Plaintiffs represented on March 18, 2009 that they were seeking counsel. (Id.) Since Plaintiffs have had over two months to obtain counsel and, as discussed below, Plaintiffs will be granted leave to amend their Complaint, the Court finds that delaying the disposition of Chase's Motion is unwarranted.

[3] The substance of Plaintiffs' Motion for Summary Judgment is virtually identical to their Opposition to Defendant Chase's Motion to Dismiss. The caption of Plaintiffs' Motion, however, indicates that summary judgment is sought only as to Countrywide on the ground that Countrywide has failed to answer the Complaint.

4

Under Rule 12(a)(4) of the Federal Rules of Civil Procedure, a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) alters the time for filing a responsive pleading. A party has 10 days following the denial or postponement of such a motion to file a responsive pleading. Fed. R. Civ. P. 12(a)(4)(A).

Here, Defendant Chase filed its Motion to Dismiss pursuant to Rule 12(b)(6) before a responsive pleading was due. (See Docket Item No. 7.) Defendant Countrywide joined in Chase's Motion. (See Docket Item No. 15.) Thus, Defendant Countrywide has not failed to timely file a responsive pleading. Accordingly, the Court DENIES Plaintiffs' Motion for Summary Judgment.

**D.    Leave to Amend**

Leave to amend should be granted with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). In this case, it appears that Plaintiffs may be able to clarify their allegations and state a claim for relief. Plaintiffs also represent that they are seeking counsel to assist them in prosecuting this action. (Opposition at 2.) Accordingly, the Court GRANTS Plaintiffs leave to file an amended complaint.

**E.    Conclusion**

The GRANTS Defendant Chase's Motion to Dismiss with leave to amend. The Court DENIES Plaintiffs' Motion for Summary Judgment. On or before **May 29, 2009**, Plaintiffs shall file an Amended Complaint consistent with this Order, should they wish to do so.

Dated:  May 13, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Jason M. Julian jmj@severson.com
Regina Jill McClendon rjm@severson.com
Ronald M. Arlas ron.arlas@greenpoint.com

Nathaniel Basola Sobayo and
Emmanuel & Alice Osindele
Kingsway Technologies LLC @iTech Centers
The Technologies Services Center
211 University Avenue, Suite #C
East Palo Alto, CA 94303

**Dated: May 13, 2009**                                **Richard W. Wieking, Clerk**

**By:    /s/ JW Chambers**
        **Elizabeth Garcia**
        **Courtroom Deputy**